774

**Tahrir S. KALASHO, Petitioner–Appellant,**

v.

**John CASON, Respondent–Appellee.**

No. 02–2036.

United States Court of Appeals,
Sixth Circuit.

Sept. 12, 2003.

Tahrir S. Kalasho, Kincheloe, MI, for Petitioner–Appellant.

Brad H. Beaver, Brenda E. Turner, Lansing, MI, for Respondent–Appellee.

Before: MOORE and GILMAN, Circuit Judges; and MILLS, District Judge.*

### ORDER

Tahrir S. Kalasho, a Michigan state prisoner, appeals pro se a district court judgment denying his petition for a writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Kalasho was convicted following a 1997 jury trial of assault, conspiracy, involuntary manslaughter, and felony firearm. He was sentenced to nine to fifteen years of imprisonment on the assault, conspiracy, and involuntary manslaughter convictions, plus two consecutive years for the firearm violation. His conviction was affirmed on direct appeal in the state courts. In this petition for federal habeas corpus relief, Kalasho raised ten claims, some of which contained additional subparts. The district court denied the petition on the merits. The district court certified seven of the issues for appeal, and this court declined to certify the remaining issues.

Upon consideration, we conclude that the denial of this petition for federal habeas corpus relief must be affirmed for the reasons stated by the district court. The state court's disposition of the claims raised has not been shown to be contrary to or an unreasonable application of federal law. *Sanders v. Freeman,* 221 F.3d 846, 852 (6th Cir.2000).

■ The first claim on appeal is Kalasho's argument that the prosecutor presented false testimony. In order to receive relief on such a claim, it must be shown that the testimony was material, that it was false, and that the prosecutor knew it was false. *United States v. Hawkins,* 969 F.2d 169, 175 (6th Cir.1992). The testimony being challenged here is that of a witness whose identification of the shooter differed from that of another witness. This inconsistency was not material to Kalasho's guilt, because he was on trial for hiring three men to shoot up a store in retaliation for an earlier shooting at his house. Which of the men actually did the shooting was not relevant to his culpability. Nor has Kalasho shown that the challenged testimony was false, or that the prosecutor knew it was false.

■ Kalasho next argues that his right to confrontation was denied when the grand jury testimony of a witness named Shamoon was admitted. Because Shamoon also testified at trial and was cross-examined, Kalasho was not denied his right to confrontation. The alleged memory loss of the witness did not result in a denial of the right to confrontation. *United States v. Owens,* 484 U.S. 554, 557–60, 108 S.Ct. 838, 98 L.Ed.2d 951 (1988).

Kalasho's third claim on appeal is that the prosecutor withheld exculpatory evidence. The district court properly determined that Kalasho had failed to demonstrate that the result of the trial would have been different if any of the evidence to which Kalasho refers had been available. *Kyles v. Whitley,* 514 U.S. 419, 433, 115 S.Ct. 1555, 131 L.Ed.2d 490 (1995).

■ The fourth claim presented is that Kalasho was denied the right to present witnesses. The district court properly rejected this claim because Kalasho stated on the record that no further witnesses were necessary.

* The Honorable Richard Mills, United States District Judge for the Central District of Illinois, sitting by designation.

Next, Kalasho argues that his right to confrontation was denied when the preliminary examination testimony of a witness named Crayton was admitted. Again, because Crayton was cross-examined at the preliminary hearing, no denial of confrontation was established. *Glenn v. Dallman,* 635 F.2d 1183, 1187 (6th Cir. 1980). As a second part of this issue, Kalasho argues that the trial court erred in admitting a statement from him which he claimed was involuntary and coerced. The trial court heard Kalasho's testimony on this issue and found it lacking credibility. Kalasho has presented no basis for overturning the trial court's determination.

Next, Kalasho challenges the jury instructions, arguing that two different theories of conspiracy were presented to the jury, and that the instruction was contrary to state law. A claimed violation of state law in a jury instruction is not a basis for federal habeas corpus relief. *Estelle v. McGuire,* 502 U.S. 62, 71–72, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991); *Scott v. Mitchell,* 209 F.3d 854, 875 (6th Cir.2000).

Finally, Kalasho cites to a lengthy list of alleged failings by his trial counsel, including the failure to request a competency hearing, to call additional witnesses, to move for a mistrial when a juror's mother died, to file an interlocutory appeal of the denial of his motion to suppress, to allow Kalasho to read the presentence investigation report, and to inform the jury that witness Shamoon had been granted immunity in exchange for his testimony, as well as his alleged error in telling the jury during opening statements that the police would admit to coercing witnesses. The district court addressed each claim, noting that Kalasho appeared to have participated competently in his defense, that Kalasho had agreed on the record that no further witnesses were needed, that the trial was adjourned for three days to accommodate the juror whose mother died, and that the jury was informed of the immunity deal given to the witness. In general, Kalasho simply failed to establish a claim of ineffective assistance of counsel, because the issue is the adequacy of counsel's actual performance, not a hindsight listing of potential areas of improvement. *Coe v. Bell,* 161 F.3d 320, 342 (6th Cir.1998). In this case, defense counsel filed numerous pretrial motions and represented Kalasho adequately during over two weeks of trial.

For all of the above reasons, the district court's judgment denying this petition is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.